### HOUSTON & T. C. R. CO. v. LOOFS.

(Court of Civil Appeals of Texas. El Paso. Oct. 23, 1913. Rehearing Denied Nov. 13, 1913.)

1. APPEAL AND ERROR (§ 216*)—QUESTIONS IN TRIAL COURT—INSTRUCTIONS.

Where no special charge was requested to cure an alleged error in an instruction, in a railroad passenger's action for injuries in alighting, which directed a verdict for plaintiff if defendant failed to exercise the required care "in permitting or inducing" plaintiff to alight at a dangerous place, when the petition did not allege that defendant permitted or induced plaintiff to alight at such a place, and no exception was taken to the pleadings, they will be deemed sufficient to permit evidence upon which the instructions as a whole were predicated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 627, 641, 660, 662–676; Dec. Dig. § 216.*]

2. TRIAL (§ 296*)—CURING ERROR—INSTRUCTIONS.

Where a petition which merely alleged negligence by defendant railroad company in failing to stop the train at a certain station for discharging passengers did not authorize an instruction directing a verdict for plaintiff if defendant was negligent in "inducing" plaintiff to descend from the train, the error in the instruction was cured by another part of the charge that plaintiff must recover under the allegations of his petition.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

3. APPEAL AND ERROR (§ 1031*)—HARMLESS ERROR—INSTRUCTIONS.

In the absence of a showing that the jury were probably influenced by alleged error in an instruction, the Court of Appeals cannot presume that they were so influenced, even though it was erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by C. J. Loofs against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Lane, Wolters & Storey, Baker, Botts, Parker & Garwood, and Wm. A. Vinson, all of Houston, for appellant. Guynes & Colgin, of Houston, for appellee.

HARPER, C. J. This was a suit for damages for personal injuries suffered by plaintiff's wife, Emma Loofs, alleged to have been sustained while alighting from a train of appellant at the town of Fairbanks, Harris county, on January 27, 1911.

Appellee's wife was a passenger on one of appellant's trains from Houston, Tex., to Fairbanks, Tex., and alleges that she was injured in alighting from the train at Fairbanks. The grounds alleged in the petition were: "That defendant, its servants, agents, and employés in charge of the train and passengers, * * * carelessly and negligently failed to well and safely discharge her at Fairbanks in that they failed to furnish her anything on which to step from the steps of the said car in leaving the same, and so failed to render her the assistance in leaving said car that the circumstances required, and so failed to stop the train at the place in Fairbanks arranged by the defendant for discharging its passengers, in consequence of which she alighted and was injured." Defendant answered by general denial and assumed risk.

The appellant's first and only assignment of error is predicated upon the following charge of the court:

"The court erred in the fifth paragraph of its charge to the jury which reads as follows: 'Guided by these instructions, if you believe that the plaintiff was a passenger on defendant's train on the date alleged, and that when she reached the station of Fairbanks she attempted to alight from the train, and that the agent or servant of the defendant, whose duty it was to look out for her safety in alighting, failed to use that degree of care, prudence, and precaution for her safety which you are charged devolved by law upon him, in paragraph 3, and that by reason of

---

such failure to exercise that degree of care, either in the matter of providing appliances for the plaintiff to step on, or in the matter of helping her to descend, or in permitting or inducing her to descend at an unsafe and dangerous place, if such you find he did, and that either or both or all of such acts of omission or commission on his part, if such you find there was, was the proximate cause of the plaintiff's injuries, if you find she was injured, then you will find your verdict for plaintiff, unless you find for defendant under instructions hereinafter given you'—as is shown in the second paragraph of defendant's motion for a new trial."

Under its three propositions appellant charges error: First, that the charge is erroneous in that it instructs the jury that the defendant would be guilty of negligence, as a matter of law, if it failed to exercise the high degree of care, prudence, and precaution required by law of carriers of passengers, either in the matter of providing appliances for her to step on, or in the matter of helping her to descend, or in preventing her to descend at a unsafe and dangerous place, whereas it was for the jury to decide whether such failure, under the circumstances, was negligence; second, that said charge is erroneous in that it instructs the jury that it was the duty of some agent or servant of defendant to look after the wife of plaintiff in alighting; and, third, that said charge is erroneous in that it directed a verdict for the plaintiff if the defendant failed to exercise the degree of care required of passengers "in permitting or inducing her to descend at an unsafe and dangerous place,· because there was no allegation in plaintiff's petition that the defendant" permitted or induced the plaintiff's wife to descend at an unsafe and dangerous place.

[1] There was no special charge requested to cure the error, if any, in the paragraph complained of, and no exception urged to the pleadings. Therefore the pleadings must be held to be sufficient to permit the plaintiff to introduce the evidence upon which the charge of the court as a whole is predicated.

All the evidence adduced upon the question of negligence of the defendant was directed to the acts of omission charged in plaintiff's petition which would render it liable. Paragraphs 2 and 3 of the court's charge are as follows:

"The plaintiff alleges that she was injured by reason of the negligence of the defendant's servant in charge of the train in failing to furnish her with anything upon which to step from the steps of said train as she left the said train, and in failing to render her the assistance in leaving the train that the circumstances required, and in fail-ing to stop the car at Fairbanks at the place arranged for discharging passengers, and the burden of proof is on the plaintiff to prove by a preponderance of the evidence the allegations of her petition upon which she bases her right to recovery, substantially as therein alleged. Unless she has done so, you will find for the defendant."

"The defendant was not held in law to be an insurer of the safety of the plaintiff, but it was required in law to exercise, in guarding against danger to her in alighting from the train, that high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them as would be used by very cautious and prudent and competent persons under similar circumstances. If the agents and servants of the defendant used that degree of care, they were not guilty of negligence, and, if they were not guilty of negligence, the plaintiff cannot recover. If they did not use that degree of care, they were guilty of negligence, and if by reason of such negligence the plaintiff was injured,· without contributory negligence on her part, then she is entitled to recover."

In these paragraphs the jury are clearly told that the plaintiff must prove the allegations of her petition substantially as alleged. and that if proved the defendant would not be liable in damages unless the employés of defendant, under all the circumstances, were guilty of negligence by reason of the omission charged.

[2] The fact that the charge in paragraph 5 contains "permitting or inducing her to descend at an unsafe and dangerous place" was not error in the light of the whole of this record, because the plaintiff pleaded that the defendant was negligent "in failing to stop the car at Fairbanks at the place arranged for discharging passengers," which in effect charges that the place at which the train stopped for plaintiff's wife to alight was not prepared for passengers and not so safe as one which was prepared for the purpose. And if there is no sufficient allegation in the petition to support the language "inducing her to descend," then, if it was error in the court to so charge, it is cured by the other portions of the court's charge above quoted, and specially that portion of paragraph 2 which charges that plaintiff must recover upon the allegations contained in his petition.

[3] In the absence of a showing that the jury were probably influenced by the part of the charge complained of, under the rules governing this court, we are not authorized to presume that they were influenced thereby, even though it were erroneous, which we do not concede.

Judgment of the trial court is therefore affirmed.